UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT WASHINGTON,

      Petitioner,               Case No. 14-CV-11330
                                                Honorable Patrick J. Duggan

v.

SHERRY BURT,

      Respondent.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR LIMITED DISCOVERY

On March 31, 2014, Petitioner Vincent Washington, a state inmate, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Pending before the Court is Petitioner's motion for limited discovery. The Court will deny the motion without prejudice.

Petitioner's motion seeks to discover new evidence in support of his claim that the jury was tainted by extraneous influences. Habeas Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "for good cause." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a). As the Sixth Circuit has noted, "[h]abeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Rule 6 embodies the principle

that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09, 117 S. Ct. 1793, 1799 (1997)).

The problem for Petitioner is that in *Cullen v. Pinholster*, 131 S. Ct. 1388, (2011), the Supreme Court held that where habeas claims had been decided on their merits in state court, a federal court's review under 28 U.S.C. § 2254(d)(1) – whether the state court determination was contrary to or an unreasonable application of established federal law – must be confined to the record that was before the state court. 131 S. Ct. at 1398. The *Cullen* Court specifically found that the district court should not have held an evidentiary hearing regarding the petitioner's claims until after the court determined that the petition survived review under § 2254(d)(1). *Id*. at 1398. Therefore, the Court will deny without prejudice Petitioner's motion for limited discovery. The Court will reconsider the request if it determines that some or all of Petitioner's claims survive review under § 2254(d)(1)

Accordingly, **IT IS ORDERED** that Petitioner's motion for limited discovery is **DENIED WITHOUT PREJUDICE**.

Dated: November 7, 2014                s/PATRICK J. DUGGAN
                                                      UNITED STATES DISTRICT JUDGE

Copies to:

Vincent Washington
Jennifer K. Clark, Esq.
Laura Moody, Esq.