UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT WASHINGTON,

      Petitioner,                                                Case No. 14-CV-11330

v.                                                               Honorable Patrick J. Duggan

SHERRY BURT,

      Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION TO APPEAL *IN FORMA PAUPERIS*</u>**

## I.  INTRODUCTION

This matter is before the Court on Petitioner Vincent Washington's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.  Petitioner was convicted in Macomb County Circuit Court of possession with intent to deliver 20-200 marijuana plants, Mich. Comp. Laws § 333.7401(2)(d)(ii), possession with intent to deliver marijuana, Mich. Comp. Laws § 333.7401(2)(d)(iii), felony firearm – third offense, Mich. Comp. Laws § 750.227b, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and maintaining a drug house, Mich. Comp. Laws § 333.7405(1)(d).

Petitioner raises four claims in his habeas petition: (1) Petitioner was prejudiced by an extraneous influence on the jury, (2) the jury instructions omitted an essential

element of the crime, (3) the prosecutor committed misconduct, and (4) Petitioner was denied the effective assistance of counsel. The Court finds that Petitioner's claims are without merit and will therefore deny the petition. Further, the Court will deny Petitioner a certificate of appealability with regard to all four claims but grant Petitioner permission to proceed *in forma pauperis* on appeal.

## II.  BACKGROUND

The Court recites verbatim the relevant facts on which the Michigan Court of Appeals relied, which are presumed correct on habeas review. *See* 28 U.S.C. § 2254(e)(1).

> After surveillance was conducted over an 18 month period of time, a search warrant was executed at a house where defendant had been seen entering and leaving. Police recovered marijuana, marijuana growing and distributing paraphernalia, as well as guns. Personal effects were also recovered, including male clothing and defendant's checkbook, mail, paperwork, and check. In defense of the subsequent charges, defendant argued he did not live at that house.

*People v. Washington*, No. 305405, 2012 WL 4839968, at *1 (Mich. Ct. App. Oct. 11, 2012).

Following his conviction and sentence, Petitioner filed a motion for a new trial in the trial court. The motion was denied. Petitioner appealed, raising the following claims:

I. Defendant was prejudiced by an extraneous influence on the jury.

> II. Defendant was denied due process and a fair trial by instructions that omitted elements of the crime and permitted conviction upon speculation.
>
> III. The trial court abused its discretion in not granting a new trial based on newly discovered evidence.
>
> IV. Prosecutorial misconduct prejudiced Defendant and denied him a fair trial.
>
> V. Defendant was prejudice by ineffective assistance of trial counsel.

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *Washington*, 2012 WL 4839968, at *1. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims as those raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Washington*, 493 Mich. 954, 828 N.W.2d 369 (2013).

### III. LEGAL STANDARD

Title 28, § 2254(d) of the United States Code, as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16, 124 S. Ct. 7, 10 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 2534-35 (2003) (quoting *Williams*, 529 U.S. at 413, 120 S. Ct. at 1524). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 2149 (2004)). "Section 2254(d) reflects the view that

habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 102-03, 131 S.Ct. at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact and that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011). However, a federal habeas court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Id.*

### IV. ANALYSIS

#### A. Claim #1: Extraneous Influence on the Jury

In his first claim, Petitioner argues that he was denied a fair trial when the jury was exposed to information not admitted into evidence at trial. Specifically, a document from the state district court was inadvertently placed with the trial exhibits and sent to the jury room during deliberations. The document listed the house at issue

as Petitioner's residence.

A claim that the jury was subject to extraneous influence or that the jury was exposed to extrinsic evidence is subject to harmless error analysis. *See Mason v. Mitchell*, 320 F.3d 604, 638 (6th Cir. 2003). On habeas review, therefore, Petitioner is entitled to habeas relief only if the error "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)). In assessing the possibility of prejudice, a court must "review[] the entire record, analyzing the substance of the extrinsic evidence, and comparing it to that information of which the jurors were properly aware." *United States v. Weiss*, 752 F.2d 777, 783 (2d Cir. 1985). However, "in a habeas corpus proceeding, a state court's findings on whether, and how, extraneous matters affected jury deliberations deserve a high measure of deference. *Mahoney v. Vondergritt*, 938 F.2d 1490, 1492 (1st Cir. 1991) (internal quotation marks and brackets omitted).

The Michigan Court of Appeals assumed that the jury was exposed to extraneous evidence, but found that the exposure was harmless because the substance of the extraneous evidence was duplicative of evidence that was properly admitted:

> Even if we concluded that the jury was exposed to an extraneous influence because the document was inadvertently submitted, defendant cannot establish that this submission gave rise to a real and substantial possibility that it could have affected the jury's verdict in light of the

> substance of properly admitted evidence. First, during police surveillance defendant was seen multiple times at the subject house, including answering the door at the house, entering the house with a key, and exiting then re-entering the house. Second, multiple items located in a bedroom and throughout the main level of the house listed defendant's name and set forth the address of the searched house as his residence: a checkbook, a check, and several pieces of mail, including bills, credit card information, a church invitation, a Fed Ex receipt, and other items. Third, during the booking procedure after he was arrested, defendant advised the police that his address was the address of the subject house. Accordingly, the challenged substance of the traffic violation document – that defendant's address was the subject home's address – was repeatedly submitted to the jury through other properly admitted evidence; thus, defendant cannot establish the existence of a real and substantial possibility that the submission could have affected the jury's verdict.

2012 WL 4839968, at *2 (quotation marks, citations, and brackets omitted). The Michigan Court of Appeals also concluded that any error resulting from the jury's exposure to the extraneous evidence was cured through the trial judge's curative instruction: "[W]ith regard to the document, the jury was instructed to disregard it completely, which cured any error." *Id.* Based on the cumulative nature of the extraneous evidence and the trial judge's curative instruction, the Michigan Court of Appeals concluded that "the trial court did not abuse its discretion when it denied defendant's motion for a new trial." *Id.*

Petitioner asserts that the analysis of the state court was unreasonable because the properly admitted evidence that he resided at the house was weak whereas the inadvertently included document was an official court document, and therefore

extremely prejudicial. Petitioner is incorrect. Besides finding items in the house indicating that it was his place of residence, Petitioner himself listed the house as his place of residence when he was booked at the police station. Petitioner's devastating admission rendered harmless the extraneous influence. This is especially true because the jury was instructed to disregard the district court document, and there is no reason to believe that the jury was unable to heed the instruction. *See Goff v. Bagley*, 601 F.3d 445, 480-81 (6th Cir. 2010).

The Court concludes that the Michigan Court of Appeals' analysis of the issue did not result in a decision that is contrary to, or an unreasonable application of, clearly established federal law, nor was the decision based on an unreasonable determination of the facts.

### B. Claim #2: Jury Instructions

In his second claim, Petitioner asserts that the trial court's instruction to the jury on the concept of constructive possession was erroneous. The Michigan Court of Appeals rejected the claim by finding that the instruction in question constituted a correct statement of Michigan law: "[T]he jury instruction regarding the possession element was accurate and consistent with the law." 2012 WL 4839968, at *3. Respondent correctly argues, therefore, that the claim is not cognizable on federal habeas review.

"Generally speaking, a state court's interpretation of the propriety of a jury instruction under state law does not entitle a habeas claimant to relief." *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012). Federal habeas relief lies for a jury instruction claim only when "the instruction is so flawed as a matter of state law as to 'infect[] the entire trial' in such a way that the conviction violates federal due process." *Id.* (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S. Ct. 1730, 1737 (1977)). The Michigan Court of Appeals reviewed the propriety of the constructive possession instruction and held that, under Michigan law, the trial court was correct in its statement of the law. It is outside the province of a federal court, on habeas review, to second-guess a state court's interpretation of state law. *See Davis v. Morgan*, 89 F. App'x 932, 936 (6th Cir. 2003). Where a state appellate court has assessed the necessity and adequacy of a particular jury instruction under state law, a federal habeas court cannot question that finding. *Id.* at 936-37.

Citing federal criminal cases such as *United States v. Jones*, 484 F.3d 783, 788 (5th Cir. 2007) and *United v. Bailey*, 553 F.3d 940, 944-45 (6th Cir. 2009), Petitioner argues that the instruction given be the trial court omitted the concept of "dominion and control" from the element of constructive possession. However, as stated, it is not for this Court to decide whether a state court instruction constitutes a correct statement of the elements of a state offense under state law. The Michigan courts are not bound

by lower federal court decisions interpreting federal criminal statutes or developing federal concepts of constructive possession. Rather, the state court conclusion that the instruction was an accurate statement of state law forecloses habeas review. Therefore, Petitioner is not entitled to habeas relief based on his jury-instruction claim.

### C.  Claim #3: Prosecutorial Misconduct

In his third claim, Petitioner asserts two separate claims of prosecutorial misconduct. The clearly established law relevant to this Court's review of Petitioner's prosecutorial misconduct claim is discussed in the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464 (1986). *See Parker v. Matthews*, 132 S. Ct. 2148, 2153 (2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S. Ct. 1868, 1871 (1974)). In assessing Petitioner's claims under 28 U.S.C. § 2254, this Court must ask whether the Michigan Court of Appeals' decision denying Petitioner's prosecutorial misconduct claims "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103, 131 S.Ct. at 786-87.

First, Petitioner contends that the prosecutor's assertion during closing argument that Petitioner knew other individuals frequented the house was not supported by evidence. The Michigan Court of Appeals rejected the argument, concluding that adequate evidence supported the prosecutor's statement:

> [Petitioner] argues that the prosecutor's closing argument included that defendant "knew that there were individuals frequenting that house," which was not supported by the evidence. However, defendant was observed freely coming and going from this house on a number of occasions during the surveillance of this house. He was also observed on one occasion speaking to people in a car that had pulled up to the house honking the vehicle's horn. In light of the other evidence admitted in this case – including but not limited to the surveillance camera in the house pointing toward the driveway with a monitor in the bedroom where defendant's checkbook and mail were found – the prosecutor was free to argue the reasonable inference and theory that defendant knew individuals frequented the house.

2012 WL 4839968, at *5. The Court of Appeals also rejected Petitioner's argument on an alternative ground: "[E]ven if [the prosecutor's] brief statement was inaccurate, plain error has not been established and a curative instruction could have alleviated any prejudicial effect; thus, reversal would not be warranted." *Id.* While Petitioner argues that the alternative basis for the Court of Appeals' conclusion violates clearly established federal law, he does not contend that the primary reasoning of the Court of Appeals violates clearly established federal law. Therefore, Petitioner is not entitled to habeas relief premised on his first claim of prosecutorial misconduct.

Second, Petitioner claims that the prosecutor improperly shifted the burden

proof when he asserted that no one other than Petitioner lived at the house, contrary to the testimony of defense witness Lloyd that another individual lived in the house. Lloyd testified that she was Petitioner's former girlfriend and that she lived at the house at the time of the crimes but that Petitioner did not live there at the time. Lloyd also testified that a person named Michael Washington was the one who sold the drugs out of the house. During cross examination, the prosecutor challenged this testimony by suggesting that the defense had fabricated a person named Michael Washington. During closing, the prosecutor suggested there was no evidence presented that such a person existed other than Lloyd's testimony.

"A prosecutor may comment on a defendant's failure to call witnesses or offer other evidence to support his factual theories so long as the prosecutor's comment does not implicate a defendant's right not to testify." *Skinner v. McLemore*, 551 F. Supp. 2d 627, 646 (E.D. Mich. 2007). Here, the prosecutor's comment did not concern Petitioner's failure to testify in his own defense. Rather, it involved an argument made after a defense witness offered testimony that another person was responsible for the crime. In light of this testimony, it was appropriate for the prosecutor to comment on the lack of evidence offered to corroborate this testimony. Therefore, the decision of the Michigan Court of Appeals rejecting Petitioner's second prosecutorial misconduct claim did not violate clearly established federal law, and

Petitioner is not entitled to habeas relief based on that claim.

### D. Claim #4: Ineffective Assistance of Trial Counsel

In his fourth claim, Petitioner argues that his trial counsel was ineffective in four ways: (1) counsel wrongfully conceded that an empty glass vial was found in Petitioner's car; (2) counsel failed to provide documentary evidence that Petitioner did not own or rent the house; (3) counsel failed to object to the misconduct of the prosecutor and jury instructions; and (4) counsel failed to move for a mistrial when the jury saw the document from the state district court.

To show the denial of effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-688; 104 S. Ct. at 2064. In so doing, the defendant must overcome a "strong presumption" that counsel's behavior lies within the "wide range of reasonable professional assistance." *Id.* at 689, 104 S. Ct. at 2065. In other words, Petitioner must overcome

the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*.

Second, the defendant must show that such performance prejudiced his defense. *Id*. at 687, 104 S. Ct. at 2064. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington*, 562 U.S. at 112, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a "reasonable probability" that the result of the proceeding would have been different but for counsel's allegedly deficient performance. *Wong v. Belmontes*, 558 U.S. 15, 19, 130 S. Ct. 383, 386 (2009).

Petitioner's first ineffective assistance claim is that his trial counsel conceded that there was a glass vial found in Petitioner's car. The Court of Appeals found the claim unpersuasive because counsel, in fact, reasonably challenged the evidence by noting that no photograph was taken of the vial and it was not presented at trial. 2012 WL 4839968, at *6. Petitioner has not demonstrated that the state appellate court's

conclusion is contrary to, or involves an unreasonable application of, clearly established federal law, or that it is based on an unreasonable determination of the facts.

Petitioner's second ineffective assistance claim is that defense counsel was ineffective because he failed to provide documentary evidence that Petitioner did not own or have a lease for the house. The Court of Appeals rejected the claim, concluding that Petitioner "was not deprived of a substantial defense" because Petitioner "did not have to own or rent the subject house to be convicted of the charges." *Id.* Petitioner does not explain why he believes the Court of Appeals' analysis violates clearly established federal law, and this Court concludes that it does not.

Petitioner's third ineffective assistance claim is that his counsel should have objected to the allegedly improper jury instruction and instances of purported prosecutorial misconduct discussed above. The Court of Appeals rejected this claim because Petitioner failed to establish that the jury instruction was improper or that the prosecutor engaged in misconduct. *Id.* As discussed, those conclusions do not violate clearly established federal law. Therefore, Petitioner is not entitled to habeas relief with regard to this aspect of his ineffective assistance of counsel claim. *See Hoffner v. Bradshaw*, 622 F.3d 487, 509 (6th Cir. 2010) ("Because we find none of the alleged

underlying errors to be meritorious, trial counsel was not ineffective for failing to object.").

Finally, Petitioner's fourth ineffective assistance claim is that counsel was ineffective for failing to request a mistrial on the ground that the jury was exposed to extraneous evidence, as discussed above. The Michigan Court of Appeals rejected the claim because defense counsel properly preserved the issue for appellate review and, in any event, Petitioner cannot establish that any request for a mistrial would have been granted. *See* 2012 WL 4839968, at *7. This Court concludes that the state appellate court's analysis of this aspect of Plaintiff's ineffective assistance of counsel claim is not unreasonable. Therefore, Petition is not entitled to habeas relief.

## V. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating

that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003).

The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists would not debate the Court's assessment of Petitioner's claims. However, the Court will grant Petitioner permission to proceed *in forma pauperis* on appeal because an appeal would not be frivolous.

## VI.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to appeal *in forma pauperis* is **GRANTED**.

s/PATRICK J. DUGGAN<br>United States District Judge

Dated: September 2, 2015

Copies to:
Vincent Washington
Jennifer K. Clark, Esq.
Laura Moody, Esq.